My name is Garrett Ferencz. I'm here from True Blue. And this case is really before the court because, with all due respect, the lower court considered the wrong contract and ultimately the wrong execution date, which led to an error in law. Now, the two issues that are before us really, number one, is whether or not Washington law applies. If Washington law applies, that answers our question here, because Washington statute as well as the Supreme Court of Washington has been unambiguous that prevailing party in terms of attorney fees means that, and it's a common sense meaning in Washington state, it means that you've prevailed on some significant portion of the case on the merits of the action. The second question, if we get there, is if Florida law applies, whether prevailing party under Florida law has any meaning as to the relation of the merits of the case, or whether, as defendants contend, simply a dismissal without prejudice is sufficient to shift fees. So, first, I want to start with the issue of Washington law because I think that is where this decision lies. It is undisputed that the court made a mistake. In the court's order, the court held that the non-compete contract, that Mr. Dyn's employment contract, and the release of claims was all signed on June 9, 2009. Yet, the facts are clear that Mr. Dyn left employment on October 14, 2009 and then immediately was informed by True Blue that if you want to receive six months of your full pay and six months of accelerated stock benefits, or $200,000, you've got to sign as conditioned precedent this contract, and the contract requires you to do two things. Number one, release all claims you might have against the company. And as equally important as Mr. Dyn was the head of Spartan Staffing, the entire subdivision of True Blue, you've got to confirm your commitment to your non-compete and the obligations to not breach those non-compete commitments. Mr. Dyn after several weeks passed on October 25th, and it's in the record signature, executed on October 25th, Mr. Dyn executes the contract. And in executing the contract, the release, Mr. Dyn, number one, affirms that jurisdiction can be either in the Western District of Washington or jurisdiction can be concurrently in Florida at the sole choice of True Blue. Number two, he agrees to waive any challenge to personal jurisdiction and most importantly, he also agrees that Washington law will apply. Now, why is it important in this case? It's important because it's basic contract law that if you have a later contract with a later contract, it controls. The court couldn't have even addressed that issue at the district court level because the court had considered that the contracts were all signed on the same day. And so there was never an analysis about the fact that we have a choice of law provision saying Washington State, signed by the head of Spartan Staffing and countersigned by the general counsel of True Blue after two weeks passed from his termination, four months after the clause which is in dispute in the non-compete contract. So at the least, the court ought to remand this case back to district court for consideration of how this factual error impacted its legal conclusion and give the parties the opportunity to brief that issue, to discuss that issue on the point of law, and to develop that issue fully in the lower court. Well, what is troubling about this is that you all drafted the non-compete agreement. That clearly has a Florida venue and choice of law provision. And the thrust of your Florida compliant was that he was competing in violation of that. Now it may well be that the court erred in saying you were suing only under that. But you clearly were suing under that. And it seems to me that in order to your breach of the employment agreement claim, you had to establish that he had violated the non-compete agreement. So what is the point of the non-compete agreement with the Florida choice of law clause? You drafted it. I mean, your company drafted it. So it seems to me that the thrust of what you were upset about was that he was competing. And without being able to, without showing the violation of that, you weren't going to prevail on the breach of the release. I have some trouble with that. Maybe you can clarify it. Yes, absolutely correct on what this case is about. There is no doubt that the case was the breach came from the breach of the non-compete agreement. You know, defense counsel is correct. We reference it over and over again in the lower court, and we do so because that is the breach. But the question is, what choice of law binds? Is it the choice of law provision in that contract merely because the breach comes from that contract, or is the choice of law in the release of claims where he, Mr. Dinn, agreed subsequently four months later in a contract to abide by those terms in consideration? I think this is the point. I guess... The release doesn't override the choice of law provision in the agreement. It says comply with the non-compete agreement. So I don't understand your theory. You don't get a breach of the release unless you've got a breach of the underlying non-compete agreement. The release says that he will abide by the covenants of the non-compete agreement, and then has a separate paragraph... It doesn't say you will abide by it, and by the way, the choice of law provision of that agreement, which favors you, doesn't apply anymore. It goes even further though. It says that nothing in the release supersedes or restricts any obligations that you owe to the employer, etc., etc., including those under the employment agreement and or under applicable law. So, in fact, it seems that the release goes out of its way to leave the non-competition agreement intact, doesn't it? Yes, and I agree that the non-competition agreement is intact. So where is the overriding choice of law language? The choice of law comes in a following paragraph that specifically spells out that a breach of the release... Following paragraph of what? Of the release agreement. So I think it's paragraph... Paragraph 6, governing law, the release shall be interpreted in accordance with the laws of the state of Washington without regard to the conflicts of law provisions or subject to laws... Correct, the release, big R, capital R, release. The release is this little two-page or three-page piece of It's this agreement here. Let me answer the question this way because I think... It's that agreement and then if you go to your complaint, you say he's breached the non-compete agreement. We go to the non-compete agreement and then it tells you how you determine the choice of law under the non-compete agreement. So what's missing, unless there's some other language and maybe you can help me out here, what's missing is that somehow the release wipes out the non-compete agreement or if it doesn't wipe it out, it wipes out the choice of law part of it. I mean, you're sort of picking and choosing what it overrides. How do you do that as a matter of contract law, whether Florida or Washington? Well, the contract says there is no right to recover the $200,000 consideration, which this contract says is a conditioned precedent for signing this contract. So Mr. Dinn, under the non-compete agreement, had no right to the $200,000. Nowhere in that agreement is there any mention of that consideration of accelerated stock or getting paid six months of salary. So Mr. Dinn didn't have a right on the non-compete agreement for any of those monies. In this agreement signed in October 25th, it says in Acknowledgement of Sufficiency of Consideration that... Counselor, just stop a minute and think. Sure. He is promising as a condition of getting $200,000 abiding by a non-compete agreement, which his obligations under are defined explicitly as set by Florida law. You cannot prove that he has breached his entitlement to the $200,000 unless under Florida law he breached the non-compete agreement. Would you agree with that? I would agree that Washington law applies to his breach of this agreement, which is our only source of... You're not answering my question. But I agree that Florida law would apply to the breach of the non-compete agreement. Correct. So when he entered into, before any of this arose, when he entered into his arrangement with True Blue, he agreed to abide under Florida law with the restrictions on what he could do after termination. There's nothing in the release agreement that says suddenly his obligations ongoing in Florida are different because of the release. It says abide by the non-compete agreement under Florida law or you don't get or retain the $200,000. Yeah, the new $200,000. Yes. All right. I think we have your argument in mind. You're down to no time, but I'm going to give you a little rebuttal time. Why don't we hear from Mr. Dinn's counsel? Thank you, Your Honor. Good morning. May it please the Court, my name is Steve Rockey. I represent the defendant, Anapeli Timothy Dinn. Your Honor, counsel, somewhere in your argument, could you help me understand what's at stake on this appeal? Is it just the amount of attorney's fees that were awarded to your client or is it something else? That's correct. It is the amount of attorney's fees and a small amount of costs or expenses in the amount of $20,000 total awarded by the district court to Tim Dinn. That's what's at stake here. Okay, thank you. The district court judge in ruling on the motion for attorney's fees made a finding that the case was about the non-competition agreement and the district court judge is in the very best position to make the determination of what was litigated in his courtroom and should be entitled to deference in that determination and in this particular case, the district court judge had been charged with the responsibility of considering the temporary restraining order motion, reviewing the pleadings and the evidence submitted on it and ultimately ruling on it and the district court judge had no doubt and ruled that it was abundantly clear that the case was about the non-competition agreement on it. There's no clear error at all in that finding by the district court and the record amply supports it based on what's in the complaint and what's in the motion seeking a temporary restraining order and also the motion that was never ruled on for a preliminary injunction. The second part of the court's ruling addressed the application of Florida law. It was undisputed among the parties that under the non-competition agreement Florida law governed and even before the comparatively recent decisions in the last eight years from Florida, there was a well-established and long line of authority in Florida holding that the general rule was that when the plaintiff voluntarily dismisses the case for purposes of a prevailing party attorney's fee award under statute or contract, the defendant was the prevailing party on it. And to the extent under that line of authority that existed through the 1980s and 1990s and the early part of this century, to the extent that there's any room for quibbling about it or saying that a couple of courts have been reluctant, the decisions in Florida in the Caulfield case in 2002 by the Florida Supreme Court, Caulfield v. Cantelli, and in 2006 in the Alhambra Homeowners Association case, which is very close to point with our case, really remove all doubt. A bright line rule applies in Florida that when the plaintiff voluntarily dismisses, the defendant is the prevailing party for purposes of the contract clause or a statute, unless the statute requires entry of a judgment, which some do, but we don't have a statute like that here on it. And by a bright line test, what is meant is that the court need not look into whether the litigation has concluded for all time, need not look to whether there's to be a second suit filed in the future, and need not also look to whether or not what would have happened had the plaintiff not voluntarily dismissed. The one question that occurs to me in looking at this, and it stems partly from counsel's argument, they of course would like the release to override the release made under both. And my question is under Florida law, since you wouldn't necessarily get fees under both agreements, are these inseparable agreements or are they in fact stand-alone agreements and should there have been some segregation or determination? Well, there should not have been segregation because to the extent the release agreement was a part of this, it was a very, very, very small part of it. And a couple things bear pointing out on that. One is the temporary restraining order motion, which was the actual thing litigated and decided until the attorney's fee motion. The temporary restraining order motion was entirely about the non-competition agreement. And as I say, the overwhelming weight of the pleadings is on the non-competition agreement and the complaint and the motion. And to the extent that here in this court we've heard the argument, well, we're also suing for return of the consideration, and it's been referred to in the appellate brief here, as consideration for the release agreement. Well, paragraph 4 of the complaint in the court below states that the severance payments were in consideration for the non-competition agreement. Paragraph 23 of the complaint states that the severance payments were in consideration of the non-competition agreement and continuing to abide by it for the release agreement. And that's what's in the contractual documents as well. So Judge Fischer's remark was correct, that in order to, even on that part of the case, to get return of the consideration, they would have had to prove breach of the non-competition agreement. That's what the entire case was about below, Your Honor. What was the, and the record I'm sure shows this, but just to focus on it, what was the time period and geographic scope of the non-compete? The time period and geographical scope of the non-compete? Well, the time period was one year, Your Honor. And I don't specifically recall, without reference to the contract, what the geographical scope of it was. It hasn't ever been an issue in terms of what's actually been litigated in Washington on it. Thank you. In addition to the recent cases of Caulfield, relatively recent in 2002, and Alhambra Homeowners Association in 2006, there are a substantial number of very recent cases that apply the rule. And we cited them in our brief, and there's two from 2010 and one from 2009, and two from 2008, a 2007 case. Alhambra was 2006. And there's a 2003 case in the third district, which I'll mention briefly. It's MK Enterprises, which is cited in our brief from the Florida Court of Appeals, District 3. And that court followed Caulfield and specifically held that where the first dismissal was without prejudice, as here, and a second suit is in the offing was in fact filed there, that the second court is without power to make any attorney's fee award for what happened in the first case. It is the first court, which under the Florida Supreme Court's decision in Caulfield, which is charged with that responsibility on it. And I mention that because plaintiffs cited a number of old cases from the third district in Florida, none of which have any continuing viability. And the one case from the last decade they cited from the third circuit was one that involved a statute that specifically held judgment had to be entered, which is not the situation we have here. Unless there's questions, I don't feel I need the rest of my time. I submit to the court that the district court judge was entirely correct in holding the litigation was about the non-competition agreement and in properly applying Florida law, which holds clearly that the prevailing party, where there is a voluntary dismissal, is the defendant. Thank you.  Thank you, Your Honors. Driving the vote down to the Florida provision of law, which I probably should dwell on a little bit here, we still argue that under the fee-shifting provision, under the non-compete contract, if you look at the language of the fee-shifting provision itself, it is not the boilerplate language that has been considered by the Florida courts, where it just simply says the prevailing party shall be awarded the fees. It is consistent instead with the common sense approach that prevailing means what it says, which is that you have to be successful on the merits and litigation. And I want to read this in the record. This is from ER 109. The party shall be awarded fees for prevailing in any suit or proceeding to enforce its rights under the agreement. In other words, it doesn't say that you will be awarded your fees for prevailing. It says prevailing on a suit to enforce the rights under proceedings. Well, we're 30 days away from a trial to enforce those rights under this proceeding, one way or the other. Either defendants will prevail on vindicating those rights under the agreement, or we will. But the contract itself, under the same non-compete calls for Florida law, says that Florida law must be taken into account for this provision, not a generic provision cited by defendants, which are considered in their cases. And with 15 seconds left, I'll also... Actually, you're past 15 seconds. You're now 20 seconds. Wow, that was a fast minute. It is. Those minutes go fast. Time flies when you're... Why don't you wrap up? Wrap up is this. On the defendant's strongest case, I just turned the court's attention to Alhambra Homeowners Association, where they cite the Padau exception in Florida. This is after the Supreme Court in Florida. And what the court says is the Padau exception says that the court must look behind the voluntary dismissal to see what has occurred. What has occurred in this case is True Blue obtained a TRO in the Western District of Washington, went to Florida and obtained a TRO against the additional parties, obtained a preliminary injunction against Mr. Dinh. All this is in the record, and we're 30 days away from trial to be successful on the merits. When you dovetail that in with the language, the contract, the language between the parties when fees shift, the only conclusion can be that it's premature to award fees in this case because on the contract, there is no prevailing party at this time. Thank you. Thank you. Thank both counsel for your argument this morning. True Blue v. Dinh is submitted.
judges: McKeown, Fisher, Gould